# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

　　　　　　　　　　　Plaintiff,

vs.

DIEGA SANCHEZ, et. al.,

　　　　　　　　　　　Defendants.

CASE NO. 10cv2323 BEN (NLS)

**ORDER GRANTING DEFAULT JUDGMENT**

[Dkt. No. 11]

## INTRODUCTION

Plaintiff J & J Sports Productions, Inc. moves for default judgment against Defendants Mark Anthony Sanchez and Raul Sanchez, Jr., individually and d/b/a Tacos & Beer Sports Bar.[1] (Dkt. No. 11.) Plaintiff brought this action against Defendants for the unlawful exhibition of the *Manny Pacquiao v. Miguel Cotto* fight and associated under-card ("Program") at Tacos & Beer on November 14, 2009. (Compl. ¶ 14.) For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for default judgment.

## BACKGROUND

Plaintiff is a distributor of sports and entertainment programming that purchased the commercial rights to broadcast the Program. (Compl. ¶ 11.) Plaintiff entered into agreements with sub-licensees to broadcast the Program for a license fee. (Compl. ¶ 12.) Defendants were not authorized to broadcast the Program, but an investigator observed and later documented in a sworn affidavit the unlawful exhibition of the Program at Tacos & Beer on November 14, 2009. (Aff.. of

---

[1] Plaintiff voluntarily dismissed Defendant Diega Sanchez on August 30, 2011.

1  Frank Britton in Support of Plaintiff's Application for Default Judgment ("Britton Aff.").)  The
2  investigator documented seven televisions broadcasting the Program and capacity for approximately
3  150 patrons with 120-140 patrons present.  (*Id.*)  No cover charge was being imposed for admission.
4  (*Id.*)

5  Plaintiff filed the Complaint against Defendants on November 10, 2010 and served Defendant
6  Mark Anthony Sanchez with the Summons and Complaint by substitute service on March 30, 2011
7  at his residence.  (Dkt. No. 5.)  Plaintiff personally served Defendant Raul Sanchez, Jr., with the
8  Summons and Complaint on April 8, 2011.  (Dkt. No 6.)  No answer was filed.  Plaintiff moved for
9  entry of default by the Clerk on July 15, 2011, and the Clerk filed the Entry of Default on the same
10 day.  (Dkt. Nos. 9-10.)  Nothing in the record before the Court indicates that Defendants have ever
11 made any appearance in this action.  Plaintiff seeks default judgment against Defendants, statutory
12 damages of $110,000 under 47 U.S.C. § 605, and $4,200 in damages for conversion.

13 **DISCUSSION**

14 **I.    Default Judgment**

15 Once default has been entered by the clerk, it is within the district court's discretion to grant
16 default judgment against that party.  FED. R. CIV. P. 55(b)(2); *Eitel v. McCool*, 782 F.2d 1470, 1471
17 (9th Cir. 1986).  When considering default judgment, "the factual allegations of the complaint,
18 except those relating to the amount of damages, will be take as true."  *Televideo Sys., Inc. v.
19 Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (citations omitted); *see also* FED. R. CIV. P. 8(b)(6)
20 ("[a]n allegation — other than one relating to the amount of damages — is admitted if a responsive
21 pleading is required and the allegation is not denied").

22 The Court may consider the factors articulated in *Eitel v. McCool* when determining whether
23 to grant default judgment: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's
24 substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action;
25 (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable
26 neglect; and (7) the strong policy . . . favoring decisions on the merits."  782 F.2d at 1471-72.

27 All the *Eitel* factors weigh in favor of granting default judgment.  Section 605 prohibits the
28 unauthorized receipt of satellite signals.  47 U.S.C. § 605(a); *DirecTV, Inc. v. Webb*, 545 F.3d 837,

844 (9th Cir. 2008). Conversion requires ownership or a right to possession of property, wrongful disposition of that right, and damages. *G.S. Rasmussen & Assocs. v. Kalitta Flying Serv.*, 958 F.2d 896, 906 (9th Cir. 1992). Plaintiff's Complaint alleges that Plaintiff owned the rights to the Program and Defendants intercepted, received, and exhibited the Program in violation of § 605. (Compl. ¶¶ 11, 14, 16.) Additionally, the Complaint alleges that Plaintiff suffered financial loss as a result of this conduct. (Compl. ¶ 27.) Taking these allegations to be true, as the Court must, the Complaint supports Plaintiff's claim for violation of § 605 and for conversion. And, because Plaintiff has sufficiently plead the claims asserted and offered a sworn affidavit from the investigator who observed and documented Defendants' violation, dispute as to material facts is unlikely.

Additionally, Plaintiff will be prejudiced if default judgment is not entered because if the Court denies the motion, Plaintiff has no other means to recover from Defendants. There is nothing before the Court that would suggest the lack of response from Defendants was the result of excusable neglect. The sum of money at stake is not substantial. And finally, while there is a strong policy favoring disposition on the merits, that option is not available where, as here, defendants have failed to appear. *See PepsiCo. Inc. v. Cal Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Because all of the *Eitel* factors weigh in favor of granting default judgment, the Court **GRANTS** Plaintiff's motion for default judgment against Defendants.

## II. Damages

Plaintiff seeks $10,000 in statutory damages under § 605(e)(3)(C)(i)(II) and $100,000 in enhanced damages under § 605(e)(3)(C)(ii). Additionally, Plaintiff seeks $4,200 in damages for conversion.

### A. 47 U.S.C. § 605

Section 605 provides for statutory damages between $1,000 and $10,000 for each violation as the court considers just. 47 U.S.C. § 605(e)(3)(C)(i)(II). At the court's discretion, damages may be increased by an additional $100,000, if "the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage." 47 U.S.C. § 605(e)(3)(C)(ii).

Plaintiff argues that the maximum damages are warranted based on the need to deter future violations, the detrimental impact these violations have on this industry, and the willful nature of the

interception. The declaration provided by Plaintiff's President, Mr. Gagliardi, claims that Plaintiff has gone to great lengths to curb the unauthorized interception of its programming because of the millions in lost revenue resulting from piracy of broadcasts, and indicates that the state of the technology is such that the programming cannot be mistakenly or accidentally intercepted. (Decl. of Joseph M. Gagliardi in Support of Plaintiff's Application for Default Judgment ("Gagliardi Decl.") ¶¶ 1, 4-6, 9.) Additionally, the Court considers the number of televisions broadcasting (seven) and the significant number of patrons present (120-140). Based on the foregoing, the Court awards $4,000 under § 605(e)(3)(C)(i)(II) for the violation and an additional $1,000 enhancement under § 605(e)(C)(ii).

**B.      Conversion**

Plaintiff has presented the Court with evidence that Defendants could have legally purchased the right to broadcast the Program for $4,200. (Gagliardi Decl. ¶ 8, Ex. 2 (listing $4,200 as the rate to purchase the Program for an establishment with seating for 101-200)). Accordingly, the Court awards $4,200 in conversion damages.

**III.    Attorneys' Fees**

Plaintiff requests attorneys' fees pursuant to § 605. While § 605(e)(3)(B)(iii) indicates that the "court . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails," Plaintiff has not requested an amount of attorneys' fees nor has Plaintiff provided any support for such an award. Accordingly, the request for attorneys' fees is **DENIED** without prejudice.

**CONCLUSION**

Plaintiff's motion for default judgment against Defendants Mark Anthony Sanchez and Raul Sanchez, Jr., d/b/a Tacos & Beer, is **GRANTED**. Judgment is entered in accordance with the foregoing for $9,200. Plaintiff's request for attorneys' fees is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: October 24, 2011

_____
Hon. Roger T. Benitez
United States District Judge